**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC DUARTE, | No. 08-17332 |
| Plaintiff - Appellant, | D.C. No. 5:05-cv-01374-JF |
| v. | |
| HARPREET GILL; MARTYN BEVAN, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| LAURA SMITH, et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Eric Duarte, a California state prisoner, appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment arising from inadequate and delayed medical treatment following a foot injury suffered while he was playing handball in the prison recreational yard. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly entered summary judgment because Duarte failed to establish the existence of a genuine issue of fact that either defendants Gill or Bevan acted with deliberate indifference by requiring him to walk, at times unassisted, on his broken foot. *See Conn v. City of Reno*, 572 F.3d 1047, 1055–56 (9th Cir. 2009). There is insufficient evidence from which an inference could be drawn that a substantial risk of serious harm existed by requiring Duarte to walk relatively short distances on his injured foot. Moreover, the evidence is insufficient to support a finding that either Gill or Bevan actually believed that there was a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, Duarte failed to demonstrate a genuine issue of fact regarding either defendants' subjective awareness of a substantial risk of serious harm. *See Conn*, 572 F.3d at 1056; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

2

Moreover, there is insufficient evidence that either Gill or Bevan failed to respond adequately to Duarte's condition. *See Conn*, 572 F.3d at 1056, 1058. Duarte was seen by the prison nurse within one hour after his injury, and was examined and treated at the hospital the next day.

Duarte's failure to satisfy his burden of showing that Gill was subjectively aware of a serious medical need, or that he failed to respond adequately to Duarte's injury, entitles Gill to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2). Moreover, because the evidence is similarly deficient as to Bevan, Duarte has failed to demonstrate a triable issue that Bevan's conduct violated the Eighth Amendment. Therefore, the district court properly held that Bevan was entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

**AFFIRMED.**